REQUESTED BY: Dear Senator:
This is in response to your inquiry concerning the constitutionality of proposed amendments to section 2 of L.B. 501. These amendments would add three additional classes of individuals to the present class of peace officers who would be authorized to take an individual into custody or cause him to be taken into custody when such authorized persons believed such individual to be a mentally ill dangerous person, and that such person is likely to cause harm to himself or another before mental health board proceedings may be had.
Section 3 also proposes to add these classes to the existing provision which requires that peace officers execute a written certificate alleging that the signer believes that the subject in custody is a mentally ill dangerous person and likely to harm himself or others before the mental health board proceedings may be had. We construe the term `admission' in this section to mean at the time the peace officer takes a person into custody and admits him to a jail as defined in Section 83-1015 of said act, a mental health center or state hospital or other governmental or private hospital as required by Section 83-1020 of said act and unchanged by section 2 of L.B. 501.
You inquire whether or not the authorization of these private individuals, proposed by the amendments to section 2 of L.B. 501, would be an unconstitutional delegation of police power.
At common law, an insane person who was a menace to his own safety or that of others could be confined in a suitable place by any interested person and without legal process. The danger to society as a whole was said to justify emergency action by private citizens. However, the private citizen acted at the risk of being held responsible to the person taken into custody if it should develop that either there was no emergency or that the person was not insane. If no emergency, there was no justification for restraining the persons's liberty; if the person was found to be insane, there was said to have been no injury to him but otherwise if found to be sane. Appeal of Sleeper, 87 A.2d 115
(1952), 41 Am.Jur.2d 38.
In Fahgen v. Miller, 328 N.Y.Supp. 2d 393,278 N.E.2d 615, cert. denied, 409 U.S. 485 (CA N.Y. 1972), the highest court in New York held that a person even though not dangerous could be taken into temporary custody to prevent detrimental acts to society or danger to the person. The Court included as detrimental acts such things as public lewdness, a criminal nuisance, disorderly conduct and sexual abuse.
The Court said that due process is not offended if notice and hearing follow confinement so long as the person is given an opportunity within a short time to litigate the question of his mental illness. This statute did not provide for a hearing until five days after a request was made.
Under one section of the New York statute any interested person could have the suspected insane individual placed in temporary custody without any doctor's certificate. Under another section where the person was alleged to be a dangerous person, the certificate of two physicians were required.
A number of cases to the same effect as the two foregoing examples are contained in 92 A.L.R.2d 572. It is especially clear that a mentally ill dangerous person as required under L.B. 501 may be taken into temporary custody by private citizens. However, the warning bears repeating, that such private individual may subject himself to civil liability.
Inasmuch as police power is the authority of the state to encroach upon certain private rights of individuals when the general welfare of society is deemed to be more important and private citizens have always been authorized to take persons into custody in the furtherance of society's superior right, it is our opinion that the proposed amendments authorizing the new classes of persons to take persons into custody under the circumstances described do not violate the Constitution as an invasion of due process or an unauthorized delegation of police power.
Furthermore, said provisions do not, in our opinion, pose any equal protection problem since there is ample justification for creating a classification of persons such as mentally ill dangerous persons who may be treated differently than others not in that class.